Order entered January 28, 2015



**In The**

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-15-00006-CR
No. 05-15-00007-CR
No. 05-15-00008-CR
No. 05-15-00009-CR

**GARY WAYNE BARNES SR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Causes No. F80-16530-J, F81-01027-J, F81-01105-J, F81-02518-J**

## ORDER

The Court has before it appellant's January 26, 2015 pro se motions for the clerk's and reporter's records and for appointment of counsel. Each motion references post-conviction habeas corpus proceedings and post-conviction DNA testing. In cause nos. 05-15-00007-CR through 05-15-00009-CR, the Court has a notation that the appeals are from a December 11, 2014 order related to a motion for post-conviction DNA testing. We have no similar information related to cause no. 05-15-00006-CR (trial court no. F80-16530-J). Moreover, we take judicial notice that the Texas Court of Criminal Appeals has dismissed, without written order, appellant's applications for writ of habeas corpus pursuant to article 11.07, section 4. *See Ex parte Warner*,

Nos. WR-12,658-18 (tr. ct. no. W81-01027-J), WR-12,658-19 (tr. ct. no. W80-16530-J), WR-12,658-20 (tr. ct. no. W81-01105-J) (Tex. Crim. App. Jan. 7, 2015); *Ex parte Warner*, WR-12658-21 (tr. ct. no. W81-02518-J) (Tex. Crim. App. Jan. 14, 2015). The case management system for the Texas Court of Criminal Appeals shows the applications for writ of habeas corpus were filed on December 5, 2014 and December 11, 2014. This Court does not have jurisdiction over post-conviction habeas corpus proceedings under article 11.07, and it is not clear from the documents before us whether any new hearings were held or rulings made that would be appealable or whether these appeals are really related to the habeas corpus proceedings.

Accordingly, we **ORDER** the trial court to make findings regarding the following:

- The dates of any motions for post-conviction DNA testing filed by appellant, either pro se or through counsel.

- The dates of any hearings conducted related to the identified motions for post-conviction DNA testing.

- The dates of any orders issued ruling on the motions for post-conviction DNA testing.

- Whether those orders were included in the post-conviction habeas corpus proceedings identified above.

- If the trial court finds that there is a new order on a motion for post-conviction DNA testing, that is unrelated to the already disposed-of habeas corpus proceedings, the trial court shall next determine whether appellant is entitled to appointment of counsel to represent him in the appeals from that order. If the trial court finds both that there is a new order and that appellant is entitled, we **ORDER** the trial court to appoint counsel to represent him on appeal and to prepare certifications of appellant's right to appeal.

We **ORDER** the trial court to transmit a record containing its written findings of fact, any orders, and any supporting documentation to this Court within **THIRTY DAYS** of the date of this order.

The Court defers ruling on appellant's pro se motions pending receipt of the trial court's findings.

We **ABATE** the appeals to allow the trial court to comply with this order.  The appeals shall be reinstated thirty days from the date of this order or when the findings are received.

/s/  LANA MYERS
    JUSTICE